MEMORANDUM *
We find that Marilyn Ting signed an enforceable Assignment of Proceeds that allowed Rizalina Catambay to collect the life insurance proceeds at issue in this case. By that agreement, Catambay was *632 to receive the proceeds and “make such distributions in the manner as I [Ms. Ting] have previously agreed with Ms. Catambay.” But we find no evidence in the record as to the terms of the distribution agreement referenced in the Assignment of Proceeds.
In absence of any such evidence, we find no proper support for the bankruptcy court’s chosen distribution of the proceeds. We REVERSE and REMAND for further factual development by the bankruptcy court as to the existence and terms of the distribution agreement between Ms. Catambay and Ms. Ting.
BRUNETTI, Circuit Judge, dissenting.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.